

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DONTE LASHAWN COLE

Criminal No. 2:23-cr-270

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Robert C. Schupansky, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Sex Trafficking and Attempted Sex Trafficking of a Child<br>April 8, 2023, to October 13, 2023 | 18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a), and 2 |

### II. ELEMENTS OF THE OFFENSE

**A.  As to Count 1:**

In order for the crime of Sex Trafficking and Attempted Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a), and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant attempted to or knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means a person whom the defendant knew would be caused to engage in a commercial sex act, as that term is defined in Title 18, United States Code, Section 1591(e)(3).

2.  That the defendant did benefit financially or received a thing of value from the participation in a venture to engage in such acts.

3.  That the defendant either (a) had knowledge of the fact that the person was under 18 years of age; (b) recklessly disregarded that fact; or (c) had a reasonable opportunity to observe the person.

4.  That the person was in fact less than 18 years old.

5.  That the offense was in or affecting interstate commerce.

Title 18, United States Code, Sections 1591(a), (b)(2), (c); *United States v. Smith*, 662 Fed. Appx. 132 (3d. Cir. 2016); *United States. v. Robinson*, 2012 WL 5971545 (2d. Cir. 2012).

### III. PENALTIES

**A. As to Count 1: Sex Trafficking of a Child (18 U.S.C. §§ 1591(a), 1591(b)(2), 159l(c), 1594(a), and 2)):**

1.  Imprisonment of not less than fifteen (15) years, nor more than life if force, fraud, or coercion used (18 U.S.C. § 1591(b)(1)); or imprisonment of not less than 10 years, nor more than life if minor trafficked without force, fraud, or coercion (18 U.S.C. § 1591(b)(2)).

2.  A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

3.  Supervised release for any term of years not less than 5, and up to life (18 U.S.C. § 3582(k)).

4.  Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Count One, an additional special assessment of $5000.00 must be imposed as the offense was committed after May 29, 2015, and the offense is located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

## V. RESTITUTION

Restitution may be required in this case as to Count 1, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ Robert C. Schupansky*
ROBERT C. SCHUPANSKY
Assistant U.S. Attorney
PA ID No. 82158

3