IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff*,<br><br>  v.<br><br>DONTE LASHAWN COLE,<br><br>     *Defendant*. | Criminal No. 2:23-cr-270 - 1<br>Civil No. 2:26-cv-523<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

On April 15, 2025, Donte Lashawn Cole ("Cole") pled guilty to Count 1 of the Indictment at Criminal Action No. 2:23-cr-270, which was sex trafficking a child in violation of 18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a) and 2, and Count 1 of the Information at Criminal Action No. 2:25-cr-38, which was coercion and enticement in violation of 18 U.S.C. §§ 2422(a) and 2. The Court accepted Cole's guilty pleas, which were pursuant to a Rule 11(c)(1)(C) plea agreement, and convicted him of these charges. On August 18, 2025, the Court imposed the negotiated sentence upon Cole. He received 150 months of imprisonment in each case, to be served concurrently, to be followed by a 10-year term of supervised release at Count 1 of Case No. 2:23-cr-270 and a 3-year term of supervised release at Count 1 of Case No. 2:25-cr-38, to be served concurrently. On March 30, 2026, Cole filed a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence. (ECF No. 82). The Government opposed.[1] For the following reasons, the motion will be denied.

---

[1] This motion was also filed in Civil Action No. 2:26-cv-523 at ECF No. 1.

1

## I.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). As a remedy, the court must "vacate and set the judgment aside and ... discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Gordon*, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citation omitted).

In reviewing a motion to vacate under § 2255, "[t]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (cleaned up). Where, as here, the petitioner files his motion *pro se*, the Court construes the pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation[.]"  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to § 2255, unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief.  *See* 28 U.S.C. § 2255(b); *Booth*, 432 F.3d at 545-46; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994).  Thus, if the record conclusively negates the factual predicates asserted in support of a § 2255 motion, or if

2

the movant would not be entitled to relief as a matter of law, even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. *See Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985).

The Court finds no need for an evidentiary hearing because, as will be explained below, the record conclusively establishes that Cole is not entitled to relief.

## II.     ANALYSIS

In Ground One, "zero elements of violence," Cole claims that "in my sentencing transcript and here at FBOP I have been mislabled [sic] as a violent which is completely false." (ECF 82, p. 4). According to Cole, this "false claim is the main cause for [him] receiving a 4 point inhancement [sic] which led to [him] being sentenced to 120 months." (*Id*.). In Ground Two, "false claim of coercion and enticement," Cole alleges the Government did not prove the necessary elements of the sex trafficking of a child charge, that he did not know the girl's age, and that he "never attempted to sex traffic an underage girl. I was out of state and completely unaware of what the two older women has done." (*Id*. at 5). The Government argues that Cole is bound by the plain language of his Rule 11(c)(1)(C) plea agreement, his claims are procedurally defaulted, and they are meritless. (ECF No. 84). The Court concurs.

In his Rule 11(c)(1)(C) plea agreement, Cole waived his right to file a § 2255 motion with the exception of a motion raising ineffective assistance of counsel. He waived "the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." (ECF No. 58, ¶ A.13). This collateral attack waiver does not, however, prevent Cole from bringing "a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." (*Id*.).

Waivers of appeal rights, including collateral attack waivers, are enforceable if they are "entered into knowingly and voluntarily" and do not "work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008), *abrogated in part on other grounds by Garza v. Idaho*, 586 U.S. 232 (2019). Cole does not specifically challenge the knowing and voluntary nature of his waiver, nor does he assert that enforcing the waiver would work a miscarriage of justice. (ECF No. 82). Regardless, the Court is obligated to independently evaluate the waiver's validity. For the following reasons, it finds that Cole knowingly and voluntarily bargained for his Rule 11(c)(1)(C) plea agreement, and that he entered a knowing and voluntary guilty plea.

Both parties signed the written plea agreement which explicitly states that, "Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." (ECF No. 58, ¶ A.13). At the change of plea hearing, Cole stated that he understood all of the waiver provisions in his plea agreement. Not only did the Court find Cole competent and capable of entering an informed guilty plea, but it also found that his guilty plea was knowingly and voluntarily made. In the absence of any evidence or argument from Cole to the contrary, the Court finds that his appellate waiver was knowing and voluntary.

Further, the Court finds that enforcing the collateral attack waiver would not work a miscarriage of justice. A miscarriage of justice is "something grave and out of the ordinary." *Mabry*, 536 F.3d at 239. The United States Court of Appeals for the Third Circuit has adopted a "common sense approach" to this inquiry, and has suggested that courts consider several factors, including: the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant

4

acquiesced in the result. *Id*. at 242–43. It has also noted that it is "possible for there to be a miscarriage of justice when 'plea proceedings were tainted by ineffective assistance of counsel.'" *United States v. Akbar*, 181 F. App'x 283, 286 (3d Cir. 2006) (citing *United States v. Teeter*, 257 F.3d 14, 25 n.9 (1st Cir. 2001)). However, "a waiver does not become unenforceable simply because the defendant claims ineffective assistance, but only if the record of the criminal proceeding reveals that the claim that the waiver was the result of ineffective assistance of counsel was meritorious." *Id*. at 286–87 (cleaned up) (citation omitted). More generally, the Third Circuit has made clear that "it is not enough that an issue is meritorious; after all, appellate waivers are intended to preclude review not just of frivolous questions, but of difficult and debatable legal issues we would otherwise consider." *United States v. Grimes*, 739 F.3d 125, 130 (3d Cir. 2014) (cleaned up) (citation omitted).

Here, the Court does not perceive error, let alone a clear, grave error that would constitute a miscarriage of justice. Cole does not claim that the waiver itself was the product of ineffectiveness or that he received ineffective assistance of counsel during plea negotiations. His arguments stem from his dissatisfaction with his conviction and his desire to reduce the length of his term of imprisonment. Enforcing Cole's collateral attack waiver does not constitute a miscarriage of justice. His motion will be denied.

If the collateral attack waiver were not enforceable, Cole's Ground One claim – regarding the Bureau of Prison's ("BOP") classification of him as "violent" – has nothing to do with sentencing. The Rule 11(c)(1)(C) negotiated sentence imposed by the Court (150 months at each count to be served concurrently) was within the statutory maximum term of imprisonment and was lower than his advisory guideline range of 168 to 210 months of imprisonment. Notably, prisoners in the BOP have no constitutional right to a particular custody classification or security

level. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9. Therefore, even if the collateral attack waiver was unenforceable, Cole's claim is simply not cognizable; it does not challenge the fact or length of his sentence.[2]

In Ground One, it also appears that Cole is taking issue with paragraphs 50 and 56 of the Presentence Investigation Report, which include the four point enhancement imposed pursuant to USSG §2G1.1(b)(1)(B)(i) because his offense at Criminal Action No. 2:25-cr-38 involved fraud or coercion. The Court holds that this claim is devoid of merit. The application of the enhancement to the offense level calculation was correct as it was supported by ample evidence proffered by the Government. Regardless, and more importantly, the adjusted offense level utilized in calculating Cole's advisory guidelines was actually from Criminal Action No. 2:23-cr-270 (Count One – Sex Trafficking and Attempted Sex Trafficking of a Child), and not from Criminal Action No. 2:25-cr-38 (Count One – Coercion and Enticement), as it was the greater of the adjusted offense levels for the convictions. (ECF No. 64). What's more, the negotiated sentence imposed by the Court was lower than the advisory guideline range.

As to Cole's Ground Two claim, which relates to the factual basis for his convictions, were it not procedurally defaulted, is also devoid of merit. The Court heard a lengthy factual proffer by the Government of the evidence it planned to introduce at trial, which established all elements of the charged crimes. In summary, Cole had two adult females and a minor victim (age 16) perform commercial sex acts at his direction and for his benefit. He enticed and coerced the victims into crossing state lines from Ohio to Pennsylvania in order to perform these acts. He controlled the victims' access to money, food, and transportation. Cole admitted that he

---

[2] His claim would not be viable in a motion under 22 U.S.C. § 2241 as the BOP's custody classification or security level does not implicate the fact, duration, or execution of his sentence. *See Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009).

committed the charged offenses at his guilty plea hearing.  The Court was satisfied that Cole was pleading guilty of his own free will, and that more than sufficient evidence existed that he was guilty.[3]  The sentencing memorandum prepared by defense counsel noted that "Cole does not dispute these charges and accepts responsibility for his actions."  (ECF No. 75, p. 2).  When allocating to the Court at his sentencing hearing, Cole accepted responsibility for his criminal conduct, apologized, and explained his attempts at rehabilitation.  (ECF No. 82, pp. 10-12).  "Solemn declarations made in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Cole's bald assertion of innocence after the fact does not rebut this presumption.  Nothing in Cole's motion suggests that his plea was anything but voluntary, and that he is indeed guilty.

For these reasons, Cole's motion will be denied.  In order to pursue an appeal from a final order in a § 2255 proceeding, a petitioner must obtain a certificate of appealability. *See* 28

---

[3] As the Court noted at sentencing of Cole's conduct:

> the crimes for which you sit here today are amongst the most heinous and serious that judges like me have to handle. You victimized minor girls. You crossed state lines. You treated them like property, having them work by selling themselves in return for what? For fast food. For money for vending machines. You treated them like animals, for your own gain and for the pleasure of whatever degenerates answered the advertisements that you posted online, and came to treat them like objects that can be thrown away, or, I suppose, fed or not at your whim.
>
> You mentioned the people that are here in this courtroom today, and I know the people in this courtroom and your family and your circle of friends include women, young women. I hope that what you say to me about turning your life away and taking a different approach is true and not just jail talk or sentencing talk. Because what you did to the girls in this case is reprehensible. Even in our callous and degraded view of many crimes, that just become routine, I think the interstate trafficking of minors for sexual exploitation for your own financial gain is something that even in courts that see this every day still rubs a bit raw. It's unacceptable. It's reprehensible. I dare say, it's evil.

(ECF No. 81, pp. 15-16).

U.S.C. § 2253(c)(1)(B). A court should issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No certificate of appealability will issue here. The Court finds that jurists of reason would not find it debatable that Cole has not made a substantial showing of the denial of a constitutional right. He does not present any claims upon which habeas relief may be granted.

### III.    CONCLUSION

For the foregoing reasons of law and fact, Cole's motion will be denied by Order of Court to follow.

BY THE COURT:


   s/   William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE


July 10, 2026
Dated

8